BRYAN SCHRODER
United States Attorney

KELLY CAVANAUGH
JAMES KLUGMAN
Assistant United States Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: kelly.cavanaugh@usdoj.gov
Email: james.klugman@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  vs.<br><br>JORDAN JEROME SHANHOLTZER, a/k/a "Two-3", a/k/a "23"; MATTHEW WILSON MOI, a/k/a "Matt Matt"; KENNETH ANTONIO KIARE FORD, a/k/a "Keyes"; MYRICK ANTHONI ELLIOTT; ISAIAH MICHAEL RODERICK, a/k/a "Izzy"; and MARVIN NELSON, a/k/a "Unc", a/k/a "Old School",<br><br>     Defendants. | No. 3:19-cr-00112-TMB-MMS<br><br>COUNT 1:<br>CONTINUING CRIMINAL ENTERPRISE<br> Vio. of 21 U.S.C. § 848(a), (b)<br><br>COUNT 2:<br>DRUG CONSPIRACY<br> Vio. of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)<br><br>COUNT 3:<br>MONEY LAUNDERING CONSPIRACY<br> Vio. of 21 U.S.C. § 1956(h) |

)   COUNT 4:
)   USING FIREARM TO COMMIT
)   MURDER IN FURTHERANCE OF
)   DRUG TRAFFICKING CRIME
)     Vio. of 18 U.S.C. § 924(c)(1)(a)(iii),
)   (j)
)
)   COUNT 5:
)   KILLING IN FURTHERANCE OF
)   CONTINUING CRIMINAL
)   ENTERPRISE
)     Vio. of 21 U.S.C. § 848(e)(1)(A)
)

# FIRST SUPERSEDING INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

1. Beginning at a precise date unknown to the Grand Jury, but no later than 2017, and continuing to October 2019, the defendant, JORDAN JEROME SHANHOLTZER, was the principal administrator, organizer, and leader of an enterprise designed to transport narcotics, including heroin and methamphetamine, into the District of Alaska and further distribute them. SHANHOLTZER undertook this enterprise in concert with more than five other persons, including the defendants, MATTHEW WILSON MOI, KENNETH ANTONIO KIARE FORD, MYRICK ANTHONI ELLIOTT, ISAIAH MICHAEL RODERICK, and MARVIN NELSON, and others, known and unknown to the Grand Jury.

2. In furtherance of this enterprise, SHANHOLTZER and other members acting at his direction committed numerous felony violations of the Controlled Substances Act, including but not limited to:

   a. Conspiracy to distribute controlled substances and attempted distribution of controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1);

   b. Distribution of controlled substances and possession of controlled substances with intent to distribute in violation of 21 U.S.C. § 841(a)(1);

   c. Use of a communications facility in furtherance of a controlled substances felony in violation of 21 U.S.C. § 843(b);

   d. Intentional killing in furtherance of a continuing criminal enterprise in violation of 21 U.S.C. § 848(e).

3. The purpose of this enterprise was to enrich SHANHOLTZER, the other defendants and coconspirators, and their associates, through proceeds from narcotics sales, by taking advantage of the higher prices that narcotics command in Alaska.

4. At SHANHOLTZER's direction, the enterprise acquired narcotics in the continental United States. At SHANHOLTZER's direction, members of the enterprise, including NELSON, would package the narcotics in boxes which generally contained between 3 and 10 kilograms of heroin or methamphetamine. The enterprise maintained premises, including an apartment in Los Angeles, California, for the purposes of storing narcotics and packaging them. NELSON would then, personally and through associates, known and unknown to the Grand Jury, send these packages to Alaska using the United

States Postal Service. The members of the enterprise would use communications facilities, including cellular phones and the internet, to coordinate the successful shipments of these packages by exchanging information about the timing of shipping, sending photographs of the packages and receipts, and transmitting tracking information in order to monitor the progress of the packages.

5. After the packages arrived in Alaska, the narcotics would be repackaged for sale and further distribution, either by SHANHOLTZER personally or by other members of the enterprise acting at SHANHOLTZER's direction. SHANHOLTZER would then receive the proceeds of these sales. The defendants, MOI, FORD, ELLIOTT, and RODERICK, as well as other coconspirators, known and unknown to the Grand Jury, furthered the work of the enterprise by transporting narcotics and proceeds at SHANHOLTZER's direction.

6. As the enterprise became more successful, SHANHOLTZER reduced his personal involvement, first by relocating from the Anchorage apartment used by the enterprise to receive and traffic narcotics, and then by moving out of Alaska altogether. SHANHOLTZER continued to direct the work of the enterprise, however, by using communications facilities to receive information and issue instructions, by arranging for sales of narcotics in Alaska, and by directing the distribution of the proceeds. SHANHOLTZER personally received a substantial income from the proceeds of the enterprise, the precise amount of which is unknown to the Grand Jury, but which amounts to at least several hundred thousand dollars. Even after leaving Alaska, SHANHOLTZER received these proceeds by several methods, including by directing other members of the

enterprise to deposit them into bank accounts under his control, by directing wire transfers, and by bulk cash smuggling.

7. After SHANHOLTZER moved out of Alaska, MOI was responsible for the operational management of the enterprise in Anchorage. In order to evade detection, MOI arranged for packages to be sent to addresses in Alaska other than his residence, but over which the enterprise could maintain effective control. This included a trailer in Anchorage that was the address of Navarrow Andrews.

8. Although the enterprise was able to deliver many packages successfully, several were intercepted and diverted both by law enforcement and by other criminals. SHANHOLTZER and MOI recognized that if too many packages failed to reach the enterprise, their own financial rewards would suffer.

9. In April 2019, at SHANHOLTZER's direction, a package was sent to Andrews's address. MOI and other members of the enterprise spent several days attempting to retrieve the package, but were unable to do so. On April 8, 2019, MOI arranged to meet Andrews. Believing that Andrews had stolen the package, and in an effort to further the purposes of the enterprise, MOI used a firearm to intentionally murder Andrews with premeditation and malice aforethought. Shortly thereafter, MOI fled the state to avoid apprehension.

10. SHANHOLTZER continued to direct shipment of further packages to Alaska, with MOI's continued assistance. SHANHOLTZER also moved from Arizona to Florida.

11. In September 2019, SHANHOLTZER and MOI directed the shipment of a package containing approximately 5 kilograms of heroin to "Individual 1", who distributed narcotics on behalf of the enterprise in the Matanuska-Susitna Valley. SHANHOLTZER directed Individual 1 to travel to Anchorage and provide ELLIOTT with 2 kilograms of the heroin. Shortly after Individual 1 made the delivery, ELLIOTT was taken into custody by federal agents, but was released without charges the same day.

12. SHANHOLTZER did not believe ELLIOTT's account of what had happened, and instead concluded that ELLIOTT had stolen the heroin from them. Accordingly, SHANHOLTZER and MOI told Individual 1 that MOI would travel to Alaska to "take care of" ELLIOTT. SHANHOLTZER also directed Individual 1 to take the remaining heroin to defendant KENNETH ANTONIO KIARE FORD. SHANHOLTZER explained that he would be sending a subsequent shipment of 10 kilograms to Individual 1.

## COUNT 1

13. Beginning in or about January 2017, the exact date being unknown to the Grand Jury, and continuously thereafter through and including about October 2, 2019, within the District of Alaska and elsewhere, the defendant, JORDAN JEROME SHANHOLTZER, did unlawfully, knowingly, and intentionally engage in a continuing criminal enterprise, in that he unlawfully, knowingly, and intentionally violated 21 U.S.C. §§ 841, 843, 846, and 848(e)(1)(A), which violations include but are not limited to the offenses charged in Counts 2 and 5 of this Indictment and the offenses committed in furtherance thereof, including conspiracy to distribute heroin and methamphetamine,

distribution of heroin and methamphetamine, possession of heroin and methamphetamine with intent to distribute, use of a communications facility to facilitate a drug trafficking offense, and intentional killing in furtherance of a criminal enterprise, which violations were part of a continuing series of violations of the Controlled Substances Act, 21 U.S.C. § 801 et seq., undertaken by the defendant, JORDAN JEROME SHANHOLTZER, in concert with at least five other persons with respect to whom SHANHOLTZER occupied the position of organizer, supervisor, and any position of management, and from which such continuing series of violations the defendant obtained substantial income and resources.

14. Furthermore, the defendant JORDAN JEROME SHANHOLTZER was a principal administrator, organizer, supervisor, and leader of the criminal enterprise which involved conspiracy to distribute, possession with intent to distribute, and distribution of 30 kilograms or more of mixtures and substances containing a detectable amount of heroin, a schedule I controlled substance, and of 1 kilogram or more of pure methamphetamine, a schedule II controlled substance.

All of which is in violation of 21 U.S.C. § 848(a), (b).

## COUNT 2

15. Beginning in or about January 2017, the exact date being unknown to the Grand Jury, and continuously thereafter through and including about October 2, 2019, within the District of Alaska and elsewhere, the defendants, JORDAN JEROME SHANHOLTZER, MATTHEW WILSON MOI, KENNETH ANTONIO KIARE FORD, MYRICK ANTHONI ELLIOTT, ISAIAH MICHAEL RODERICK, and MARVIN

NELSON, knowingly and intentionally combined, conspired, confederated and agreed together and with each other, and with other persons known and unknown to the Grand Jury, to distribute and to possess with intent to distribute a controlled substance, to wit: one kilogram or more of a mixture and substance containing a detectable amount of heroin.

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).

COUNT 3

16. Beginning in or about January 2017, the exact date being unknown to the Grand Jury, and continuously thereafter through and including about October 2, 2019, within the District of Alaska and elsewhere, the defendants, JORDAN JEROME SHANHOLTZER, MATTHEW WILSON MOI, KENNETH ANTONIO KIARE FORD, ISAIAH MICHAEL RODERICK, and MARVIN NELSON, knowingly and intentionally conspired, confederated, and agreed to commit an offense against the United States in violation of 18 U.S.C. § 1956, to wit: to conduct financial transactions affecting interstate and foreign commerce, involving bank deposits and withdrawals, which involved the proceeds of a specified unlawful activity, that is, the unlawful distribution of controlled substances, with the intent to promote the carrying on of this unlawful activity, and to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, and that while conducting such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1), (A)(i), & (B)(i).

All of which is in violation of 18 U.S.C. § 1956(h).

## COUNT 4

17. On or about April 8, 2019, within the District of Alaska, the defendant, MATTHEW WILSON MOI, did knowingly use, carry, brandish, and discharge a firearm during and in relation to the drug trafficking crime charged in Count 2 of this Indictment, and did possess a firearm in furtherance of that crime, and in the course of so doing did willfully, deliberately, maliciously, and with premeditation murder Navarrow Andrews with malice aforethought through the use of the firearm.

All of which is in violation of 18 U.S.C. § 924(c)(1)(a)(iii), (j)(1).

## COUNT 5

18. On or about April 8, 2019, within the District of Alaska, the defendant, MATTHEW WILSON MOI, engaging in and working in furtherance of a continuing criminal enterprise and engaging in the offense punishable under 21 U.S.C. § 841(b)(1)(A) charged in Count 2 of this Indictment, did intentionally kill and cause the intentional killing of Navarrow Andrews.

//

//

//

//

//

//

//

All of which is in violation of 21 U.S.C. § 848(e)(1)(A).

A TRUE BILL.

_____
GRAND JURY FOREPERSON

_____
JAMES KLUGMAN
Assistant U.S. Attorney
United States of America

_____
BRYAN SCHRODER
United States Attorney
United States of America

DATE: 9/15/2020